## Gibson, Respondent, vs. Trow, Appellant.

*December 18, 1899 — January 9, 1900.*

*Logging lien: Instructions: Counterclaim: Accord and satisfaction: Principal and agent: Agent's authority.*

1. The facts that the defendant, the owner of logs, had contracted with plaintiff to drive them, and that the latter had a large force of men at work on the river on the first water in the spring of that year, being undisputed, a third person could not obtain a lien for driving them under sec. 3337, S. & B. Ann. Stats., on the ground that the owner had neglected or refused to make the necessary provisions therefor.

2. Payment to a third party of any sum under such circumstances as makes it a proper setoff, or a matter of recoupment, is available as a defense, in whole or in part, to the plaintiff's claim, but is in no sense a counterclaim.

3. The defendant claiming that his difference with plaintiff had been settled and compromised through negotiation with plaintiff's son, it was not error to instruct the jury that, if the son only had authority to collect, the alleged compromise never became effective so as to bind the plaintiff, and to eliminate from the case all questions as to the apparent authority of the son, when it appeared that the defendant had never seen the young man before, made no inquiry as to his authority, had no knowledge as to the extent of his dominion over his father's business, and was not deceived or misled to his prejudice by any assumption of authority on the part of the son.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The plaintiff brings this action to collect a balance claimed to be due under a contract for driving defendant's logs. The answer admits the contract, but says that plaintiff neglected to drive the logs, and that one Darwin filed a lien upon them, to settle which defendant paid $80. It then states that on August 1, 1893, the whole matter was settled, and defendant paid plaintiff $61.50 in full for his services in driving said logs. The answer also attempts to set up

the filing of said lien, and the payment of the sum stated as a counterclaim. The jury found for the plaintiff, and from a judgment entered upon the verdict the defendant has appealed to this court.

For the appellant there was a brief by *G. M. Perry*, attorney, and *MacBride & MacBride*, of counsel, and oral argument by *R. J. MacBride*.

*L. M. Sturdevant*, for the respondent.

BARDEEN, J.   The court properly charged the jury that there was no evidence in the case from which they would be warranted in finding that the defendant had refused or neglected to make the necessary provision, or to furnish the necessary labor and materials, for driving his logs to their destination, so as to warrant Darwin in filing a lien under the statute.   Sec. 3337, S. & B. Ann. Stats.   The evidence was undisputed that the defendant contracted with plaintiff to drive the logs, and that the latter had a large force of men at work on the river on the first water in the spring of that year.   No such neglect or refusal to make the necessary provisions and labor, as contemplated by the statute, were shown; hence the conclusion of the trial court was amply justified.

The attempt to set up the facts as to the filing of the lien, and payment by plaintiff to Darwin, as a counterclaim, was without justification in law.   The defendant received his logs, and if he paid to a third party any sum, under such circumstances as made it a proper setoff, or a matter of recoupment, it was available to him as a defense, in whole or in part, to the plaintiff's claim, and was in no sense a counterclaim.

The real controversy between the parties was whether their difference had been settled and compromised.   This was purely a question of fact for the jury, which was resolved in favor of the plaintiff.   The evidence against it is

not so clear or overwhelming that we would feel justified in disturbing their conclusion.

The negotiations as to the alleged settlement were conducted by the plaintiff's son, and complaint is made that the court did not properly instruct the jury on this phase of the case. It was claimed by the plaintiff that his son only had authority to collect the money due. In this regard the court instructed the jury that, if he only had authority to collect, the alleged compromise never became effective, so as to bind the plaintiff. The objection urged against this instruction is that it eliminates all question as to the "apparent authority" of the son. It is not easy to perceive how this question is in any way involved, under the circumstances in proof. The defendant had never seen the young man before. He made no inquiry as to his authority. He had no knowledge as to the extent of his dominion over his father's business. He was not deceived or misled to his prejudice by any assumption of authority on the part of the son. Whatever the son may have theretofore done in the conduct of the plaintiff's business, unknown to the defendant, could not, by any possibility, have influenced his conduct. The question, therefore, becomes unimportant in this litigation.

The main controversy between the parties seems to have been fairly submitted to the jury, and no good reason appears for disturbing their conclusion.

*By the Court.*— The judgment of the circuit court is affirmed.